27 U.S. 554
 2 Pet. 554
 7 L.Ed. 517
 DAVID CANTER, APPELLANT
v.
THE AMERICAN AND OCEAN INSURANCE COMPANY OF NEW
YORK, APPELLEE.
 January Term, 1829
 
 THIS case was heard, and decided upon the preliminary question which it involved, in January term 1828. See 1 Peters, 511. On the hearing, the Supreme Court decided in favour of the claimant, and decreed restitution of the cotton, which was the subject of controversy. By the mandate, directed to the circuit court, it was ordered, 'that such execution and proceedings be had as, according to right and justice, and according to the laws of the United States, ought to be had.' The mandate being filed in the circuit court, it was ordered that the same be recorded, 'that the case be put on the docket, and it be referred to the officer of this court to examine into the damages sustained by the claimant, David Canter, in consequence of the proceedings of the libellants; and report thereon at as early a day as possible to the court.'
 Upon this order of court being made, Mr Canter filed a statement of his claim, and the case went before the register.
 The counsel for the defendants filed with the register the following protest:
 And now, on this sixteenth day of July, one thousand eight hundred and twenty-eight, the said libellants, by Petegru and Cruger, their proctors, object to the order of reference made by the honourable the circuit court of the United States, for the sixth circuit, to ascertain the damages alleged to have been sustained by the respondent in this case, and they article and protest against all acts and proceedings under the same for these reasons, to wit: 1st, That the mandate of the Supreme Court of the United States, gives no authority or instructions to the circuit court, to inquire into damages. 2d, That the decrees of the district, circuit and Supreme Courts do not award damages to the respondent. 3d, That the libellants are not in any manner liable for damages. 4th, That at all events the inquiry as to damages, cannot extend beyond the amount of libellants' stipulations, by which alone they are before the Court.
 PETEGRU & CRUGER, Proctors for Libellant.
 These objections were disallowed, and the register proceeded to take evidence subject to the protest, and to examine into the claim of damages; and afterwards made a report upon the claim to the circuit court.
 The circuit court having by their decree disallowed the claims of the appellant to damages, with the exception of a small amount, an appeal was entered to this Court.
 Mr Cruger, for the appellees, moved to dismiss the appeal, on the ground that the mandate of this Court did not authorise any proceedings in the circuit court for the assessment of damages.
 The motion was supported by Mr Cruger for the appellees, and opposed by Mr Coxe and Mr Webster for the appellant.
 Mr Chief Justice MARSHALL delivered the opinion of the Court.
 
 
 1
 The motion made is, to dismiss this case for want of jurisdiction. But a motion to dismiss a suit, for want of jurisdiction, applies solely to cases where this Court has not jurisdiction of the cause, and not to cases where the circuit court has exceeded its proper powers in the particular case. In the present case, this Court has, certainly, jurisdiction to revise the decree complained of in the circuit court. Whether that decree was proper or not, after the mandate of this Court, is matter for discussion upon an argument upon the merits of that decree; but not on a motion like the present. The motion is, therefore, overruled.